Civil Action No. **25M22169**
Date Filed **5/16/25**

Magistrate Court ☐
Superior Court ☐
State Court ☐
**Georgia, Gwinnett County**

TERRANCE MAUL
_____
**Plaintiff**

VS.

INNOVIS DATA SOLUTIONS, INC.
_____
**Defendant**

Attorney's Address
Terrance Maull
PO Box 675622
Marietta, Georgia 30006

Name and Address of party to be served.
Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

_____ **Garnishee**

## Sheriff's Entry Of Service

**☐ Personal** — I have this day served the defendant _____ personally with a copy of the within action and summons.

**☐ Notorious** — I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**☑ Corporation** — Served the defendant _Innovis Data Solutions Inc_ a corporation by leaving a copy of the within action and summons with _Alisha Smith_ in charge of the office and place of doing business of said Corporation in this County.

**☐ Tack & Mail** — I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**☐ Non Est** — Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **20** day of **May**, 20**25**.

_____
**Deputy**

Sheriff Docket_____ Page_____

**Gwinnett County, Georgia**

WHITE: Clerk    CANARY: Plaintiff / Attorney    PINK: Defendant

SC-2 Rev.3.13

IN THE MAGISTRATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

X TERRANCE MAULL
Plaintiff(s)

Civil Action File No. 25M22169

v.

X INNOVIS DATA SOLUTIONS, INC.
Defendant(s)

## NOTICE AND SUMMONS
*This pleading must be served with the Statement of Claim.*
PLEASE READ

**TO ALL DEFENDANT(S):** You are hereby notified that the Plaintiff(s) is/are requesting a judgment against you. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER THE DATE OF SERVICE. (Answer forms can be obtained from www.gwinnettcourts.com under the Magistrate Court tab or from the Clerk's office.) Your answer must be RECEIVED by the Clerk within 30 days of service. If you do not think your answer will arrive before the 30-day deadline, you may file your answer in person at the Magistrate Court Clerk's office during normal business hours or electronically using www.efilega.com.

IF YOU DO NOT FILE AN ANSWER, A *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. This means you will not be able to challenge the claims set forth in the Statement of Claim and the Court can only consider the amount of damages (if any) to award. Your answer must either be filed in writing, or it may be given orally to the Judge on Duty. If you choose to file your answer orally, you must do so in person, at the Magistrate Court, and within the 30-day answer period. TELEPHONE or EMAILED ANSWERS ARE **NOT** PERMITTED. If you have a claim against the Plaintiff(s), you may file a counterclaim along with your answer. If you admit the claims stated in the Statement of Claim, but need additional time to pay, you must come to the hearing in person and tell the Court your financial circumstances. Magistrate Court permits payment plans to satisfy money judgments and you may request a payment plan from the Judge.

A hearing on this claim will be scheduled after the 30-day answer period has expired. All hearings will take place at the Gwinnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046. You may come to Court with or without an attorney. If you have any witnesses, documents, or other evidence, you must bring them with you to your hearing. If you want any witnesses or documents subpoenaed, you must see one of the Magistrate Court Clerks for assistance.

For additional information, please consult a licensed attorney or go to www.gwinnettcourts.com under the Magistrate Court tab.

This 16th day of May, 2025.

_____
Magistrate or Deputy Clerk of Court

**GENERAL INSTRUCTIONS --IF YOUR CASE GOES TO TRIAL**

The instructional tape, "I PRESENT MY CASE" is currently scheduled for viewing on the Gwinnett County Public Access Channel, Channel 23, on the following days and times: Monday, 5:30 P.M. & Saturday, 4:30 P.M; In Spanish, Tuesday, 5:30 P.M., & Sunday, 4:30 P.M..  Current scheduling can be confirmed on the web-site, www.gwinnettcounty.com, click on Calendar, click on Cable Calendar.
See the courts website, www.gwinnettcourts.com.
Additionally, you must be prepared and **ON TIME**. Bring all of your witnesses, documents, photographs, etc. to court with you. If you are late, you may automatically lose your case and you may not have an opportunity to present your side of the issue. If you must be late, contact the court well in advance during normal business hours so that the calendar can be properly marked.

The following may help you in preparing your claim or defense:
- [ ] All parties shall notify the Clerk of Court in writing of any address change, or daytime telephone number change.
All court notices come by regular mail. If you fail to provide your new address, you may miss your trial & lose your case.

- [ ] I will bring the following to court to prove my case:
   - [ ] Written contracts, leases, IOUs, notes, and all written documents applicable to the case.
   - [ ] Letters and/or papers relating to the case
   - [ ] Bills or estimates, invoices. (The person(s) who prepared the bills or estimates should accompany you to court)
   - [ ] Canceled checks
   - [ ] Photographs
   - [ ] Witnesses (Should accompany you. Notarized statements CANNOT be accepted as evidence at a trial.)
   - [ ] All other evidence you consider relevant.

- [ ] I will bring to court all witnesses having firsthand knowledge of my case. They have not heard evidence from someone else. [NOTE: Impartial witnesses who have no stake in the outcome of the case are generally more believable]

- [ ] I need to get a subpoena (order to appear) from the Clerk of Court for some witnesses to make certain that they appear. I need to get subpoenas for the production of documents.

- [ ] This case involves damage to property (for example, a car, the home, etc.)
   - [ ] I can describe the damage in detail and I have repair bills, written estimates of damage or repair, or other reliable evidence to help support **my opinion of the value of the property before and/or after** the damage. [NOTE: a case involving damages must always be proved by LIVE TESTIMONY]. Bring/subpoena the person to court who prepared the estimates.
   - [ ] I can describe the condition of the property before the damage and I have determined what it was worth then. I have a Bluebook/Blackbook guide or newspaper ads to help prove my opinion. I can describe with reasonable certainty the cost of repairs. I have researched the law as to the correct measure of damages.

**FOR PLAINTIFF:**
- [ ] The party I have named is liable to me. (There is not a another person or corporation who really owes the money to me. (Just because a person is an officer/registered agent of a corporation does not make that person liable.)
- [ ] I can prove the amount of the complaint. I have not asked for more money than is really owed me.

**FOR THE DEFENDANT:**
- [ ] I filed an answer/counterclaim to the Plaintiff's claim on time.
- [ ] I do not owe the money because someone else is legally responsible, a third party or a corporation.
- [ ] I do not owe the Plaintiff anything for some other reasons.
- [ ] The Plaintiff is suing for more than the damage.
- [ ] The Plaintiff owes me money and I have set forth the amount owed me in my counterclaim.
(A counterclaim must be proven to a "preponderance of the evidence" in the same manner as Plaintiff's claim.)
- [ ] I owe most or all of the money the Plaintiff claims but I need more time to pay it. I need to set up a payment plan. I will try to work this out with the plaintiff before court. Otherwise, I will tell the judge I need a payment plan at the court date. judge

NOTE: The Magistrate Court attempts to use simple procedures but is subject to the same rules of law and evidence as any other court. You may wish to seek legal advice from an attorney if the importance of your case warrants it. You have the responsibility for presenting your case and this form gives only general advice which may not be adequate in your case.

MAG 10-02 Statement of Claims Instructions.wpd

| | |
|---|---|
| Terrance Moull <br> [Plaintiff's Name(s)] <br> PO Box 675622 <br> [Street Address] <br> Marietta, Georgia 30006 <br> [City, State, Zip Code] <br> 470-563-7734 <br> [Phone Number] <br><br> [Email Address] <br> vs. <br><br> INNOVIS DATA SOLUTIONS, INC. <br> [Defendant's Name(s)] <br> 250 E Broad Street, FL 18 <br> [Street Address] <br> Columbus, OH 43215-3708 <br> [City, State, Zip Code] <br> 1-800-540-2505 <br> [Phone Number] <br><br> [Email Address] | **MAGISTRATE COURT OF GWINNETT COUNTY** <br> **STATE OF GEORGIA**   116C <br><br> **STATEMENT OF CLAIM** <br><br> CASE NO. 25M22169 <br><br> **INFO & FORMS ON THE INTERNET** <br> http://www.gwinnettcourts.com <br><br> *Court notices will be sent via U.S. Mail and E-mail. <br><br> **IMPORTANT:** If you are using EFILE GA to file any pleadings, PLEASE ADD "EFILEGA" TO YOUR CONTACTS. Call us at 770.822.8080 if you have any questions. |

1. The Court has jurisdiction over the Defendant(s) because:
   [ ] the Defendant(s) is a resident of Gwinnett County;
   [ ] Other (please specify): Registered Agent in Gwinnett County

2. Plaintiff(s) must write a brief statement explaining the basis for each claim against the Defendant(s). Plaintiff claims that the Defendant(s) is/are indebted to the Plaintiff(s) for the following reasons [attach separate sheet(s) as needed]: See Attached

3. Plaintiff(s) is/are seeking the following amounts from Defendant(s):
   $ To Be Determined At Trial  Principal
   $ _____  Interest
   $ 110.00  Court Costs
   $ _____  Attorney's Fees (only for represented case)

State of Georgia, Gwinnett County:

Terrance Moull _____ being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all setoffs and just grounds of defense.

Sworn and subscribed before me this 16th day of May 20 25

Notary Public/Attesting Official

Terrance Moull  Authorized Representative
Plaintiff(s) or Agent for Plaintiff(s)

(If Agent for Plaintiff, List Title or Capacity)

IN THE MAGISTRATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TERRANCE MAULL, <br><br> Plaintiff, <br> v. <br><br> INNOVIS DATA SOLUTIONS, INC., <br><br> Defendant. | Civil Action <br> File No. 25M22169 |

## COMPLAINT

**COMES NOW**, Plaintiff Terrance Maull, *Pro Se* ("Plaintiff"), and files this Complaint against Defendant INNOVIS DATA SOLUTIONS, INC. ("Innovis" or "Defendant"), stating as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

2. Defendant failed to provide Plaintiff with a full file disclosure, as required by 15 U.S.C. § 1681g(a)(1), by:

3. Providing masked and incomplete file account numbers for a trade line appearing in Plaintiff's file.

4. Omitting essential data, including internal records, archived account histories, payment history details.

5. Defendant's failure to comply 15 U.S.C. § 1681g(a) deprives Plaintiff of the

1

right to review, dispute, and correct potential inaccuracies in his file.

6. Plaintiff seeks statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for Defendant's willful and negligent noncompliance with FCRA.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

8. Venue is proper in that the Defendant's registered agent is in Peachtree Corners, Gwinnett County, georgia and the conduct complained of occurred in Conyers, Rockdale County, georgia.

## PARTIES

9. Plaintiff is a consumer and a natural person, domiciled in Conyers, georgia.

10. Upon information and belief, Defendant INNOVIS DATA SOLUTIONS, INC., is a foreign profit corporation with its principle place of business located at 250 E Broad St. FL 18, Columbus, OH, 43215-3708.

## FACTS OF THE COMPLAINT

11. Defendant is a "consumer reporting agency" ("CRA") as defined under 15 U.S.C. § 1681a(f).

12. On or about April 25, 2025 Plaintiff mailed a file request pursuant to 15 U.S.C. § 1681g(a) to Defendant via Certified Mail.

13. On or about April 28, 2025, Defendant received Plaintiff's file request and

2

pursuant to 15 U.S.C. § 1681g(a), Defendant was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of the request, with the limited exception that the Social Security Number could be truncated upon request.

14. On or about May 12, 2025 Plaintiff received a purported consumer file from Defendant. **SEE PLAINTIFF'S EXHIBIT A, EXHIBIT B, EXHIBIT C, & EXHIBIT D.**

15. Defendant provided a limited "consumer disclosure" that failed to include all information in Plaintiff's file.

16. Defendant's disclosure concealed key account details by providing a truncated and incomplete account number, preventing Plaintiff from verifying and properly disputing the reported account.

17. Specifically, the following trade lines contained an incomplete account number:

- BANK OF AMERICA NA

18. The failure to disclose a full account number violates 15 U.S.C. § 1681g(a)(1), which mandates that CRA's provide all information recorded and retained in the consumer's file at the time of the request.

3

19. Despite a requirement to disclose all information in the credit file at the time of the request, Defendant's Disclosure omitted significant amounts of information contained in the credit file.

20. Upon information and belief, the data furnisher reported the full account number belonging to its respective account to Defendant, and this information was contained in the file at the time of the request.

21. Upon information and belief, when Innovis produces and sells reports regarding Plaintiff to third parties, the full account number and name of the original creditor is included in its reports.

22. Having a duty to disclose all of the information regarding the accounts in the file, Defendant breached its duty by failing to provide the full account number and, as such, information is necessary for a consumer to be able to research and evaluate the information contained in the credit file.

23. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing to whether the information in the file is accurate.

24. The FCRA requires that consumers be provided with a complete copy of their file, including internal records and archived information that may affect their credit standing.

25. Defendant's Disclosure failed to include: Internal notes or archival data related previously disputed accounts, historical payment data that is

4

otherwise reported to third parties, full inquiry history, including suppressed inquiries visible only to creditors.

26. These omission deprived Plaintiff of the ability to verify or properly dispute the accuracy of the reported information.

27. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 *(M.D. Tenn. Jun. 12, 2019)* ("The plain language of the FCRA requires that requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finding that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

28. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Haven Realty Corp. v. Coleman* 455 U.S. 363 (1982), holding "alleged injury to a (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury within itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing

complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

29. The lack of accurate, full account numbers caused caused Plaintiff great frustration and emotional distress attempting to understand the contents of the file.

30. Further, pursuant to to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT F.**

31. Defendant's omission of the full account number and other omissions greatly decrease a consumer's ability to understand the consumer credit disclosure, identify the accounts, and compare those accounts against their own records.

32. Plaintiff has a right to a full and complete disclosure of the contents of the file upon demand, at least once per year and without charge, and that disclosure must be presented clearly and accurately pursuant to 15 U.S.C. § 1681j.

33. Defendant's failure to accurately, fully and clearly disclose the information within its files deprives Plaintiff of this right.

## COUNT I – VIOLATION OF 15 U.S.C. § 1681g(a)(1)

34. Plaintiff re-alleges and reincorporates paragraphs 1-33 as fully stated herein.

35. Defendant violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for the consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information recorded and retained in the file regardless of how the information was stored at the time of the request. Specifically, Innovis disclosed an account reported by First Premier without disclosing the full account number, even though a full account number was reported by the data furnisher.

36. Innovis knowingly provided incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

37. Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of actual damages or statutory damages of up to $1,000 per violation and costs.

38. Alternatively, Innovis's conduct was negligent, and Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o for actual damages and costs.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

a) Judgment for the violations of the FCRA;

b) Statutory damages for willful noncompliance pursuant to 15 U.S.C § 1681n(a)(1)(A);

c) Punitive damages pursuant to 15 U.S.C § 1681n(a)(2) for willful violations;

d) Actual damages for negligent noncompliance pursuant to 15 U.S.C § 1681o(a)(1);

e) For costs pursuant to 15 U.S.C § 1681n(a)(3) and/or 15 U.S.C § 1681o(a)(2); and

f) For such other and proper relief as the court deems just and proper.

Respectfully submitted this 16th day of May, two thousand twenty-five.

*Terrance Maull*
Terrance Maull
PO BOX 675622
Marietta, GA 30006
tmaull725@gmail.com
Phone: (470) 563-7734
Plaintiff, *in propria persona*.

8

## ATTACHED EXHIBIT LIST

A) Plaintiff's Innovis Consumer Disclosure, April 30, 2025, Excerpt "Accounts" (redacted)

B) Plaintiff's Innovis Consumer Disclosure, April 30, 2025, Excerpt "Accounts" (redacted)

C) Plaintiff's Innovis Consumer Disclosure, April 30, 2025, Excerpt "Accounts" (redacted)

D) Plaintiff's Innovis Consumer Disclosure, April 30, 2025, Excerpt "Accounts" (redacted)

E) FTC Opinion Letter

# EXHIBIT A
## Plaintiff's Consumer Disclosure, April 30, 2025
## Excerpt- "Accounts" (redacted)



# EXHIBIT B
# Plaintiff's Consumer Disclosure, April 30, 2025
# Excerpt- "Accounts" (redacted)



# EXHIBIT C
## Plaintiff's Consumer Disclosure, April 30, 2025
### Excerpt- "Accounts" (redacted)


Innovis



**BANK OF AMERICA NA:** Individual Unsecured — NEGATIVE
Account#:... | Account Information as of 01/31/2023

| Account Status: | Balance: | Creditor Contact Info: |
| Date Opened: | Last Payment: | BANK OF AMERICA NA |
| Date Closed: | Last Payment Date: | PO BOX 45144 FL9-600-02-15 |
| Date Last Reported: | High Balance: | JACKSONVILLE, FL  32231 |
| Terms Duration: |  | (800) 215-6195 |

We estimate the account will become positive in: 10/2029

Personal Information:
Name: Terrance J Maull
Address:
DOB:
SSN:
Phone:



**BANK OF AMERICA NA:** Individual Unsecured — NEGATIVE
Account#:... | Account Information as of 05/31/2023

| Account Status: | Paid/Closed | Balance: | $0 | Creditor Contact Info: |
| Date Opened: | 02/20/2023 | Last Payment: | $305 | BANK OF AMERICA NA |
| Date Closed: | 05/22/2023 | Last Payment Date: | 05/22/2023 | PO BOX 45144 FL9-600-02-15 |
| Date Last Reported: | 05/31/2023 | High Balance: | $300 | JACKSONVILLE, FL  32231 |
| Terms Duration: | 3 |  |  | (800) 215-6195 |

We estimate the account will become positive in: 02/2030

Personal Information:
Name: Terrance J Maull
Address:
DOB:
SSN:
Phone:

TERRANCE MAULL — Page 5 — 64295332.469
0000140-0003045

12

# EXHIBIT D
# Plaintiff's Consumer Disclosure, April 30, 2025
# Excerpt- "Accounts" (redacted)



13

**Exhibit F**
**FTC Opinion Letter**

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "Information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

14

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the Plaintiff or Plaintiff's Attorney in the foregoing matter with a copy of this pleading by depositing it in the United States Mail in a properly addressed envelope with adequate postage thereon.

15